IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ERIC SCOTT BARKER,

        Petitioner,

                           Civil Action No. 1:19CV134
                           Criminal Action No. 1:16CR31-1
v.                             (Judge Keeley)


UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
<u>DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS</u>

The following pleadings have been filed by the petitioner, Eric Scott Barker ("Barker"), and are pending before the Court: (1) a pro se habeas petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence (Dkt. No. 269); (2) various motions relating to his § 2255 petition (Dkt. Nos. 277, 283, 298, 306, 315, 343); (3) a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 372); and (4) various pro se criminal motions (Dkt. Nos. 362, 366, 381, 388).[1] For the reasons that follow, the Court **DENIES** Barker's § 2255 petition (Dkt. No. 269), **GRANTS IN PART** and **DENIES IN PART**

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:16CR31.

**BARKER v. UNITED STATES**                          1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Barker's various motions relating to his § 2255 petition (Dkt. Nos. 277, 283, 298, 306, 315, 343), **DENIES** Barker's motion for compassionate release (Dkt. Nos. 372), and **DENIES** Barker's various pro se criminal motions (Dkt. Nos. 362, 366, 381, 388).

### I. RELEVANT PORTIONS OF BARKER'S
### HISTORY OF LITIGATION BEFORE THE COURT

Before addressing Barker's pending petition and motions, it is helpful to review his lengthy history of litigation before this Court.[2]

**A. Criminal Actions Nos. 1:04CR68 and 1:04CR86**

**1. Barker's 18-Month Consecutive Sentence in Criminal Action No. 1:04CR68**

Following transfer of supervision of Barker's heroin conspiracy conviction to this Court,[3] the probation officer filed a 12C petition on September 24, 2004, seeking to revoke that supervision based on the following violations:

- Barker's arrest on September 23, 2004, for Domestic Battery;

---

[2] An outline of this history is attached as Exhibit A.
[3] Upon transfer from the Southern District of West Virginia to this Court, the case number became Criminal Action No. 1:04CR68.

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

- The discovery of two bags of marijuana, a variety of pills, drug paraphernalia including a marijuana pipe, hypodermic needles, and a cooking spoon, and crack cocaine during a search incident to the domestic disturbance;

- Barker's failure to submit a written monthly report for August 2004; and

- Barker's failure to report two traffic stops by the Bridgeport Police Department.

Id. In that petition, the probation officer also noted that a firearm reportedly owned by Barker and a friend had been discharged during the domestic disturbance. Id.

On April 19, 2005, the probation officer amended the pending petition to report Barker's guilty plea in Criminal Action No. 1:04CR86 (Id., Dkt. No. 14). Following that, on April 25, 2005, the Court sentenced Barker to a term of 70 months of imprisonment in Criminal Action No 1:04CR86, and revoked his supervision in Criminal Action No. 1:04CR68, imposing a consecutive sentence of

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
#### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

eighteen (18) months of imprisonment with no supervised release to follow. Id.

More than one year later, on November 8, 2006, Barker filed a § 2255 petition seeking to have his 18-month revocation sentence run concurrently with his 70-month sentence (Id., Dkt. No. 17). On November 29, 2006, he moved to amend that petition to add a claim of ineffective assistance of counsel based on his attorney's alleged failure to appeal his sentence in Criminal Action No. 1:04CR68 (Id., Dkt. No. 19). On December 8, 2006, the magistrate judge granted his motion to amend (Id., Dkt. No. 20).

On December 11, 2006, Barker again moved to amend his petition to assert that the applicable statute of limitations was subject to equitable tolling pursuant to 28 U.S.C. § 2255(f) (Id., Dkt. No. 22). The magistrate judge granted this motion and ordered the Government to answer the amended § 2255 petition (Id., Dkt. Nos. 23, 24).

Rather than answer, however, the Government moved to grant the § 2255 petition (id., Dkt. No. 45), and the Court resentenced Barker, thus permitting him to perfect his appeal in Criminal

4

BARKER v. UNITED STATES                        1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Action No. 1:04CR68 (Id., Dkt. Nos. 48, 51). But it again declined to run that revocation sentence concurrently with Barker's 70-month sentence in Criminal Action No. 1:04CR86 (Id., Dkt. No. 51). On appeal, the Fourth Circuit affirmed this Court's judgment on April 20, 2009 (Id., Dkt. No. 56).

On July 28, 2009, Barker filed another § 2255 petition in Criminal Action No. 1:04CR68, again challenging his consecutive sentence (Id., Dkt. Nos. 59, 60). On February 10, 2010, the magistrate judge recommended that the Court deny this petition as procedurally barred (Id., Dkt. No. 69). Barker objected and moved for judgment on the pleadings (Id., Dkt. Nos. 72, 76). On October 7, 2010, the Court adopted the magistrate judge's recommendation and denied Barker's § 2255 petition (Id., Dkt. No. 78).

**2. Barker's 70-Month Sentence in Criminal Action No. 1:04CR86**

On November 4, 2004, a grand jury indicted Barker on charges of Conspiracy to Distribute 5 Grams or more of a Mixture or Substance Containing Cocaine Base and less than 500 Grams of a Mixture or Substance Containing Cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii), (b)(1)(C) and 846; Aiding and Abetting in

BARKER v. UNITED STATES                         1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Possession with the Intent to Distribute 5 Grams or more of Cocaine Base and less than 500 Grams of Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and 18 U.S.C. § 2; and Aiding and Abetting in Possession with the Intent to Distribute less than 5 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Criminal Action No. 1:04CR86, Dkt. No. 12).

Barker pleaded guilty to Aiding and Abetting in Possession with the Intent to Distribute 5 Grams or more of Cocaine Base and less than 500 Grams of Cocaine (id., Dkt. No. 30), and, on April 27, 2005, the Court sentenced him to seventy (70) months of imprisonment followed by four (4) years of supervised release (Id., Dkt. No. 42).[4] That judgment also included a forfeiture of $3,109. Id. at 6.

Based on a later retroactive amendment to the United States Sentencing Guidelines, U.S.S.G. §§ 2D1.1(c)(8) and 1B1.10, on July

---

[4] The Court ordered Barker's revocation sentence in Criminal Action No. 1:04CR68 to run consecutively to this sentence. See discussion supra pp. 3-4.

BARKER v. UNITED STATES                              1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

28, 2008, the Court reduced Barker's sentence of imprisonment to sixty (60) months (id., Dkt. No. 69), but did not reduce the forfeiture amount or Barker's four (4) year term of supervised release. Id.

Approximately two months after Barker commenced his term of supervised release on November 4, 2010 (id., Dkt. No. 78),[5] he tested presumptively positive for opiates and admitted to having used hydrocodone. Id. After Barker had prohibited contact with several inmates at USP Marion, his probation officer filed a 12C petition on May 20, 2011, alleging that Barker had ferried information between institutions to help inmates move money (Id., Dkt. No. 79). One month later, the probation officer amended that petition to add allegations about recorded telephone conversations between Barker and two inmates at USP Marion (Id., Dkt. No. 92). Following a hearing on June 21, 2011, the Court revoked Barker's supervised release and sentenced him to eighteen (18) months of

---

[5] As stated earlier, the Court did not include an additional term of supervision when it revoked Barker's supervised release in Criminal Action No. 1:04CR68.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

imprisonment followed by thirty (30) months of supervised release
(Id., Dkt. No. 94).

Barker appealed this sentence on June 29, 2011 (id., Dkt. No.
96), and later moved pro se to modify it pursuant to 18 U.S.C.
§ 3582(c)(2) and/or § 3583(3) (Id., Dkt. No. 103). The Court denied
Barker's motion to modify (id., Dkt. No. 105), and on April 25,
2012, the Fourth Circuit affirmed his revocation and sentence (Id.,
Dkt. No. 110).

Barker returned to supervision on November 29, 2012, (Id.,
Dkt. No. 114). But mere months later, on February 8, 2013, his
probation officer filed another 12C petition based on the following
violations of his conditions of supervision:

- On January 28, 2013, Barker had submitted a urine specimen
  that was presumptively positive for opiates and cocaine.
  Barker had also admitted to using heroin;

- Family members at Barker's approved residence had advised
  that he had left the residence and that they were unaware of
  his whereabouts; and

BARKER v. UNITED STATES                        1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

- On February 1, 2013, Barker had failed to report for drug testing and never submitted a written report for January 2013.

Id.

The probation officer amended this petition on February 12, 2013, after Barker was arrested at a residence where significant amounts of drug paraphernalia, illegal controlled substances (including synthetic marijuana and suspected heroin), and approximately $1,500 in cash were found (Id., Dkt. No. 123). At the time of Barker's arrest, two convicted felons were with him inside the residence. Id. The Court again revoked Barker's supervision on October 22, 2013, and sentenced him to eighteen (18) months of imprisonment with no supervision to follow (Id., Dkt. No. 132). Completion of this sentence concluded all activity in Criminal Action No. 1:04CR86.[6]

**B. Criminal Action No. 1:13CR18**

On March 5, 2013, the Government filed new felony charges against Barker, including Conspiracy to Possess with the Intent to

---

[6] As is noted later, infra pp. 10-13, Barker's sentence in Criminal Action No. 1:13CR18 was consecutive to this revocation sentence.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Distribute Heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and
846; Possession with the Intent to Distribute Heroin – Aiding and
Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18
U.S.C. § 2; and Maintaining Drug-Involved Premises - Aiding and
Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2
(Criminal Action No. 1:13CR18, Dkt. No. 1). On April 4 and 10,
2013, Barker filed motions to suppress the evidence seized during
the search of his residence on February 3rd (Id., Dkt. Nos. 14,
20).

On May 13, 2013, the magistrate judge recommended that the
Court deny the motions to suppress (Id., Dkt. No. 34). Over
Barker's objections, the Court adopted this recommendation and
denied the motions to suppress (Id., Dkt. No. 47).

Although he was represented by a Federal Public Defender,
Barker filed a pro se motion on July 8, 2013, asking that the Court
reconsider its denial of his suppression motions (Id., Dkt. No.
51). But that same day he pleaded guilty before the magistrate
judge to Possession with the Intent to Distribute Heroin – Aiding
and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)

10

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

and 18 U.S.C. § 2 (Id., Dkt. No. 55). Barker's plea agreement
included a stipulation that he qualified as a career offender, id.
at 3, and a waiver of his appellate and collateral attack rights
except for the right to challenge the denial of his motions to
suppress. Id. at 4-5.

The day after his plea, on July 9, 2013, a grand jury returned
a superseding indictment charging Barker with the same offenses
but adding another defendant to two of the counts (Id., Dkt. No.
60).[7] Prior to sentencing, Barker filed a memorandum seeking a
variance from the career offender guideline because he was a low-
level drug dealer who suffered from addiction (Id., Dkt. No. 92).

On October 22, 2013, the Court sentenced Barker to 151 months
of imprisonment, and ordered that sentence to run consecutively to
his 18-month revocation sentence in Criminal Action No. 1:04CR86
(Id., Dkt. No. 104). Barker immediately appealed to the Fourth

---

[7] Following return of the superseding indictment, the Court ordered the
parties to file an addendum to the plea agreement, explicitly
establishing the conditional nature of Barker's earlier plea by
demonstrating that the requirements of Fed. R. Crim. P. 11(a)(2) and
United States v. Bundy, 392 F.3d 641, 644-45 (4th Cir. 2004), had been
met (Criminal Action No. 1:13CR18, Dkt. 74). The parties subsequently
filed an addendum pursuant to Bundy (Id., Dkt. No. 77).

BARKER v. UNITED STATES                               1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

Circuit (id., Dkt. No. 112), which, on January 13, 2015, vacated and remanded the case with directions that the Court consider whether, pursuant to the "independent source" doctrine, the officers performing the search that had led to Barker's arrest would have sought a warrant even if they had not conducted an unlawful search (Id., Dkt. No. 136 at 4).

On remand, the Court held a status conference on April 24, 2015, to set Barker's conditions of pre-trial release (Id., Dkt. No. 146). Shortly thereafter, the United States filed a motion to dismiss the superseding indictment based on the unavailability of the necessary drug evidence (Id., Dkt. No. 157). The Court then dismissed the superseding indictment in Criminal Action No. 1:13CR18 on May 11, 2015 (Id., Dkt. No. 158).

BARKER v. UNITED STATES                           1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

## C. Criminal Action No. 1:16CR31

### 1. Original Indictment[8]

Between April 2014 and April 2016, during which time he was serving part of his 18-month revocation sentence at Central Regional Jail, Barker conspired with his father, Randall Barker, and then-girlfriend, Megan Dunigan ("Dunigan"), to distribute MAM-2201, an analogue of JWH-122 and AM-2201, to prison inmates across the country (Dkt. No. 221 at 3). Jail officials at Central Regional Jail discovered the conspiracy after intercepting inmate correspondence later confirmed to contain MAM-2201-infused paper. Id.

Barker discussed his so-called "prisoner service" business on numerous recorded jail calls from Central Regional Jail. Id. at 4. He used these calls to direct his father and Dunigan to mail items to third parties, and also to discuss wire transfers and price negotiations with them. Id. Between April 13, 2014, and March 11,

---

[8] These facts are taken from the Government's version of the offense conduct in Barker's modified presentence report (Dkt. No. 221), to which he did not object.

13

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

2016, Barker and his co-defendants received at least $170,000 in wire transfers from individuals across the country, and sent funds[9] to Chinese companies to pay for synthetic drugs. Id.

Following Barker's release from custody on April 24, 2015, law enforcement officers conducted trash pulls at the residence he shared with Randall Barker and Dunigan and discovered the following incriminating evidence: (1) a notepad bearing federal inmate names, their BOP numbers, and various dollar amounts; (2) discarded letters from inmates referencing money paid for "legal work," "legal briefs," or "pictures"; (3) a shipping label from China addressed to Dunigan; (4) empty spray bottles with white residue; (5) an empty gallon can of acetone; and (6) empty reams of printer paper. Id.

After obtaining a search warrant, officers searched Barker's residence on March 22, 2016, and recovered materials and paraphernalia used to produce drug-laced correspondence. These

---

[9] Although $60,000 was originally included in the presentence report, the actual amount of funds Barker sent to China was less than $27,000. See discussion infra pp. 53-59.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

included spray bottles, a funnel, printer paper, ink cartridges, acetone, envelopes, postal labels, scales, printers, ledgers, and bags of white powdery substances believed to be MAM-2201. Id. Officers also seized more than $20,000 in cash. Id.

Following this search, a grand jury indicted Barker, Randall Barker, and Dunigan on May 3, 2016, for Conspiracy to Distribute and Possess with the Intent to Distribute MAM-2201, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1); and nine counts of Distribution of the Controlled Substance Analogue MAM-2201, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2(a) (Dkt. No. 1). The indictment also contained a forfeiture allegation. Id. Two days later, on May 5, 2016, Barker and Dunigan were arrested in Holiday, Florida (Dkt. No. 13).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

### 2. Superseding Indictment[10]

Following his arrest, Barker was detained and housed at North Central Regional Jail where, in mid-September 2016, two inmates, one of whom was Barker's cellmate, overdosed (Dkt. No. 221 at 2-3). When medical personnel responded to the cellmate's overdose, they had to revive him with Narcan. Id. at 3. The cellmate later admitted he had overdosed twice on "fentanyl" provided by Barker, and that Barker regularly obtained drugs through what appeared to be legal mail. Id.

On September 14, 2016, correctional officers identified a suspicious package addressed to Barker that included a return address for a local attorney in Clarksburg, West Virginia. Id. Found affixed to the back of one of the middle pages inside the envelope was a small piece of paper, forming a pocket, which contained a powdery substance later identified by the West Virginia State Police laboratory as para-fluorofentanyl. Id.

---

[10] These facts are taken from the Government's version of the offense conduct in Barker's modified presentence report (Dkt. No. 221), to which he did not object.

16

BARKER v. UNITED STATES                           1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

In addition to Barker's cellmate, other inmates at North Central Regional Jail confirmed that he was selling "fentanyl" and "K2" in the jail, and that his father, Randall Barker, was sending the drugs to him. Id. Consequently, on November 13, 2016, investigators completed a controlled delivery from Randall Barker of a second package of court-related documents with another small, concealed pocket containing para-fluorofentanyl. Id.

As a result of this, a grand jury returned a superseding indictment against Barker, Randall Barker, and Dunigan on January 4, 2017, which charged them with Conspiracy to Distribute and Possess with the Intent to Distribute MAM-2201 and Buprenorphine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E)(i) and 846; Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1); twelve counts of Distribution of the Controlled Substance Analogue MAM-2201, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2(a); Conspiracy to Distribute Para-Fluorofentanyl, in violation of 21 U.S.C. § 846; Distribution of Para-Fluorofentanyl, in violation of 21 U.S.C § 841(a)(1), (b)(1)(C); Attempted Possession with the Intent to Distribute

17

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Para-Fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(C) and 846; and Attempted Possession of a Prohibited Object
– Para-Fluorofentanyl, in violation of 18 U.S.C. § 1791(a)(2),
(b)(1) (Dkt. No. 151). The superseding indictment also contained
a forfeiture allegation. Id. at 13.

### 3. Plea Agreement

Following return of the superseding indictment, Barker signed
a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C)
on June 28, 2017, and two days later pleaded guilty to Attempted
Possession with the Intent to Distribute Para-Fluorofentanyl, in
violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (Dkt. Nos.
204, 205).

Significantly, the terms of Barker's binding plea agreement
included a stipulated term of imprisonment of 120 months (Dkt. No.
205 at 2). Moreover, as a result of the parties' purposeful
negotiations, the Government agreed to extend binding plea offers
to 36-month sentences to his co-defendants, Randall Barker and
Dunigan. Id.

BARKER v. UNITED STATES                              1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Barker also agreed to waive his right to appeal any order, conviction, sentence, or the manner in which any sentence was determined on any ground whatsoever and agreed to waive his right to challenge the conviction or sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Id. at 4. He did, however, retain his right to perfect any legal remedies on appeal or collateral attack concerning claims of ineffective assistance of counsel or prosecutorial misconduct. Id.

**4. Plea Hearing**

At the plea hearing, the Government called Corporal John Wayne Smith of the West Virginia State Police to provide a factual basis for Barker's guilty plea (Dkt. No. 328 at 35-38). Corporal Smith testified that he had investigated the importation of para-fluorofentanyl into the North Central Regional Jail and, pursuant to that investigation, had determined Barker was receiving the drugs through mail falsely identified as legal correspondence. Id. Under oath, Barker agreed that Corporal Smith's testimony was accurate and confirmed he had smuggled the para-fluorofentanyl

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

into the regional jail with the intent to distribute it. Id. at 38-39.

### 5. Sentencing

Following preparation of a modified presentence report,[11] despite being represented by counsel, Barker filed three pro se objections concerning his criminal history category, his career offender designation, and his belief that he was not serving a sentence of supervision at the time he distributed controlled substances (Dkt. No. 221 at 16-17). The probation officer responded to these objections, id. at 13-15, but neither the Government nor Barker's counsel objected to the information in the presentence report during the sentencing hearing (Dkt. No. 331 at 17-21).

At that hearing, the Court calculated what Barker's guideline range would be but for his binding plea agreement. It determined that Barker's total drug relevant conduct resulted in a base

---

[11]  The probation officer used Barker's earlier presentence reports from Criminal Actions Nos. 1:13CR18-1 and 1:04CR86-2, Criminal Action No. 6:01CR256-1 from the Southern District of West Virginia, and the 2016 version of the United States Sentencing Guidelines. The Court also has used the 2016 version of the guidelines in its consideration of Barker's habeas arguments.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

offense level of 30. U.S.S.G. §§ 2D1.1(a)(5), (c)(5), cmt. n.8(D).

It increased that offense level by two levels because the object

of Barker's offense had been the distribution of a controlled

substance in a prison, correctional facility, or detention

facility.  Id.  § 2D1.1(b)(4).  Then, applying a three-level

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1,

it determined that Barker's total offense level was a 29 prior to

any consideration of the career offender enhancement. Thus, with

a level 29 and criminal history category of IV, Barker's guideline

range would have been 121 to 151 months of imprisonment.

Barker, however, did meet the definition of a career offender

under U.S.S.G. § 4B1.1 based on his age, the nature of his instant

offense, and his prior convictions for (1) Conspiracy to Distribute

a Quantity of Heroin (S.D. W. Va., Criminal Action No. 6:01CR256-

01)[12] and (2) Aiding and Abetting in Possession with the Intent to

Distribute 5 Grams or more of Cocaine Base and less than 500 Grams

---

[12] This case eventually became Criminal Action No. 1:04CR68, in which
supervision was transferred to this Court.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

of Cocaine (Criminal Action No. 1:04CR86)[13]. Consequently, pursuant to U.S.S.G. § 4B1.1(b), Barker's criminal history category increased from a IV to a VI. And because the maximum term of imprisonment for his instant offense was 20 years, 21 U.S.C. § 841(b)(1)(C), under the career offender guidelines, his offense level was fixed at a minimum of 32. U.S.S.G. § 4B1.1(b). With a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Barker's final advisory guideline range was 151 to 188 months of imprisonment.

But because the Court had accepted Barker's binding plea agreement to a non-guideline sentence of 120 months of imprisonment, it concluded that his career offender status did not impact his sentence and explained to Barker: "[T]he sentencing range would be 151 to 188 months of imprisonment under the advisory

---

[13] This conviction was originally listed in the presentence report as "Possession with Intent to Distribute Cocaine Base and Cocaine HCL" (Dkt. No. 221 at 6). The Court later corrected this error to reflect that Barker's conviction in Criminal Action No. 1:04CR86 was for Aiding and Abetting in Possession with the Intent to Distribute 5 Grams or more of Cocaine Base and less than 500 Grams of Cocaine (Dkt. Nos. 356, 358 at 6). See infra pp. 26-27.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

guidelines, but by agreement between the parties, it's reduced to 120 months" (Dkt. No. 331 at 6).

The Court sentenced Barker to 120 months of imprisonment and 3 years of supervised release (Dkt. No. 222). It also adopted, by reference, the Preliminary Order of Forfeiture and reduced the total money judgment in the case to $148,037 in order to account for funds previously seized by the United States. Id.

After the Court entered its final judgment on August 21, 2017 (Dkt. No. 222), Barker did not appeal and his conviction became final fourteen (14) days later on September 4, 2017. Fed. R. App. P. 4(b)(1)(A)(I). Thereafter, on August 1, 2018, the Court entered a Final Order of Forfeiture (Dkt. No. 252). Eight months later, on April 1, 2019, the Government moved to forfeit an additional $317.05 located in a Bureau of Prisons Trust Fund Account belonging to Barker (Dkt. No. 263). The Court granted that motion on April 5, 2019 (Dkt. No. 264).

**6. Pro Se Post-Sentencing Motions**

Although Barker did not appeal, he did file numerous pro se motions. On April 29, 2019, he moved to correct his sentence by

23

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

striking the Final Order of Forfeiture on the basis that it was predicated on obtaining a conviction for a MAM-2201 distribution offense (Dkt. No. 265). He also objected to the Government's motion for a subsequent forfeiture and filed a supplemental brief (Dkt. Nos. 266, 268). Next, he moved for judgment on the pleadings based on his motion to correct and objections to the Government's motion (Dkt. No. 278). After the Court ordered the Government to respond to Barker's motion to correct (Dkt. No. 279), Barker objected to that response on October 25, 2019 (Dkt. No. 282).

Thereafter, on February 21, 2020, Barker moved to strike and reissue the Final and Preliminary Orders of Forfeiture (Dkt. No. 292). Following that, on February 28, 2020, pursuant to Fed. R. Civ. P. 36, he moved to correct his presentence report (Dkt. No. 294). And on March 6, 2020, again pursuant to Fed. R. Crim. P. 36, he moved for an evidentiary hearing in support of that motion (Dkt. No. 295). He later filed supplemental authority in support of the same (Dkt. No. 297).

On May 5, 2020, pursuant to Fed. R. Crim. P. 36, Barker filed a second motion to correct the record and, on May 26, 2020, asked

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

the Court to appoint the Federal Public Defender's Office to
represent him on this motion (Dkt. Nos. 301, 305). He also
submitted a supplemental brief and attached "documentary evidence"
in support of his motion to correct his presentence report (Dkt.
No. 304).[14] Subsequently, on May 14, 2020, he moved for a prompt
order directing the Government to immediately release any seized
assets and, on June 11, 2020, moved to correct his Judgment and
Commitment Order under Fed. R. Crim. P. 36 (Dkt. Nos. 302, 312).
On March 1, 2021, he sought a copy of the search warrant and
affidavit in Case No. 1:16MJ137 (Dkt. No. 345). Finally, on August
2, 2021, he moved to recuse and/or disqualify the Court from his
case (Dkt. No. 355).

On September 3, 2021, the Court entered a Memorandum Opinion
and Order in which:

1. It denied Barker's motion to recuse/disqualify the Court
   (Dkt. No. 355);

---

[14] Barker later filed new evidence, supplemental citations to authority,
and supplemental briefing regarding this Fed. R. Crim. P. 36 motion on
April 19, 2021, May 10, 2021, and May 24, 2021 (Dkt. Nos. 348, 351, 352,
354).

**BARKER v. UNITED STATES**                          **1:19CV134/1:16CR31-1**

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

2. It granted in part and denied in part Barker's motion to correct his presentence report (Dkt. No. 294), and directed the United States Probation Office to file a Second Amended Presentence Report reflecting that Barker's conviction in Criminal Action No. 1:04CR86 was for Aiding and Abetting Possession with the Intent to Distribute 5 Grams or more of Cocaine Base and less than 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

3. It denied Barker's Motion for Correction of Sentence (Dkt. No. 265), Second Motion to Correct Record (Dkt. No. 301), Motion for Appointment of Counsel (Dkt. No. 305), Motion to Correct Judgment and Commitment Order (Dkt. No. 312), and Motion for Copy of Search Warrant and Affidavit (Dkt. No. 345);

4. It overruled Barker's Objections to the Government's Amendment to its Preliminary Order of Forfeiture (Dkt. No. 266), and Objections to the Government's Response (Dkt. No. 282); and

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

5. It denied as moot his Motion for Ruling on the Pleadings for
the Objections to and Correction of the Forfeiture Order (Dkt.
No. 278), Motion to Strike and Reissue the Final Forfeiture
Order and the Amended Preliminary Order (Dkt. No. 292), Motion
for Prompt Order Directing the USA to Immediately Release
Seized Assets to the Defendant to Prevent Further Irreparable
Harm (Dkt. No. 302), and Motion for Evidentiary Hearing (Dkt.
No. 295).

(Dkt. No. 356).

**II. PETITION PURSUANT TO
28 U.S.C. § 2255 IN CRIMINAL ACTION NO. 1:16CR31**

**A. Background**

Almost two years after being sentenced in Criminal Action No.
1:16CR31, on July 5, 2019, Barker filed a habeas petition pursuant
to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his
sentence.[15] He then re-filed his habeas petition on the court-

---

[15] Although Barker's § 2255 petition was not filed on the court-approved
form until July 19, 2019, the Court will use the date he first filed his
§ 2255 petition, July 5, 2019, to determine whether it was timely filed.
See United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), overruled
in part on other grounds, United States v. Blackstock, 513 F.3d 128 (4th
Cir. 2007).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

approved form on July 19, 2019, alleging that (1) he had been erroneously sentenced as a career offender because, according to recent changes in relevant case law, his attempt offense in Criminal Action No. 1:16CR31 no longer constituted a controlled substance offense under U.S.S.G. § 4B1.2(b); (2) his counsel had been ineffective for leading him to believe that a 120-month sentence was reasonable; and (3) he was actually innocent of his attempt offense in Criminal Action No. 1:16CR31 because fentanyl analogues can "trigger false positives" for controlled substances (Dkt. No. 273).

Following a preliminary review in accord with Rule 4 of the Rules Governing Section 2255 Proceedings, the Court concluded that Barker's motion may be untimely and sent him a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), warning that his motion would be dismissed unless he could demonstrate that the applicable statute of limitations did not bar his claims (Dkt. No. 274). Barker received that notice on August 6, 2019, and argued in response that his claims were timely because (1) the Government had "misled" the Court into applying a career offender enhancement;

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

(2) subsequent case law in the Sixth and D.C. Circuits amounted to newly discovered facts in his case; and (3) these alleged defects when combined with others resulted in a gross miscarriage of justice (Dkt. No. 276).

Thereafter, on September 3, 2019, Barker filed a motion for citation of supplemental authorities in support of tolling the statute of limitations (Dkt. No. 277), and on November 1, 2019, he filed a motion to expedite a ruling on the pleadings (Dkt. No. 283). Then, on November 18, 2019, he filed a memorandum in support of the actual innocence exception to procedural default (Dkt. No. 285). He followed that on January 31, 2020, with a memorandum of fact and law in support of tolling the statute of limitations (Dkt. No. 287), and another memorandum of fact and law in support of his ineffective assistance of counsel claim (Dkt. No. 288). Thereafter, he filed a supplemental response to the Hill v. Braxton notice on February 21, 2020 (Dkt. No. 291) and, on April 30, 2020, moved to stay this action pending a ruling on his motion to correct his presentence report (Dkt. No. 298).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

On June 2, 2020, Barker moved to supplement his § 2255 petition to add two new grounds for relief: (1) that his counsel had been ineffective at the plea hearing by failing to elicit testimony from the Government's witness negating his intent to distribute controlled substances; and (2) that his guilty plea lacked a sufficient factual basis (Dkt. No. 306).[16] On June 20, 2020, he again moved to supplement his § 2255 petition to add a claim of prosecutorial misconduct, alleging that Government counsel had altered discovery documents by changing the dollar amount used to calculate his relevant conduct (Dkt. No. 315). He filed documents in support of this claim on November 23, November 24, and December 14, 2020 (Dkt. Nos. 336, 338, 342).

Subsequently, on January 11, 2021, Barker filed his third motion to amend his § 2255 petition, in which he argued that his claims were not subject to procedural default because he was actually innocent of a predicate offense to his career offender designation (Dkt. No. 343). On September 24, 2021, he filed

---

[16] Although Barker's motion seeks to add "grounds 5 and 6," his § 2255 petition states only three grounds for relief (Dkt. No. 273).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

additional documents in support of both his prosecutorial
misconduct and actual innocence claims (Dkt. Nos. 369 and 370,
respectively).

**B. Motions to Amend**

Under Rule 12 of the Rules Governing Section 2255 Proceedings,
the Federal Rules of Civil Procedure "may be applied" "to the
extent that they are not inconsistent with any statutory provisions
or these rules." Accordingly, because the Rules Governing Section
2255 Proceedings do not provide for an amendment procedure, Fed.
R. Civ. P. 15 applies. United States v. Pittman, 209 F.3d 314,
316-17 (4th Cir. 2000).

Fed. R. Civ. P. 15(a)(1) provides that

> A party may amend its pleading once as a matter
> of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a
> responsive pleading is required, 21 days after
> service of a responsive pleading or 21 days
> after service of a motion under Rule 12(b),
> (e), or (f), whichever is earlier.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Here, Barker moved to amend his § 2255 petition to allege that (1) his counsel was ineffective at the plea hearing (Dkt. No. 306); (2) the Court erroneously accepted his guilty plea, id.; (3) the Government altered discovery documents by changing a dollar amount (Dkt. No. 315); and (4) his claims are not subject to procedural default (Dkt. No. 343). Given the serious nature of these allegations, the interests of justice favor amendment, and the Court therefore **GRANTS** Barker's motions to amend his § 2255 petition (Dkt. Nos. 306, 315, 343).

Barker also has filed a motion for citation of supplemental authorities in support of tolling the statute of limitations (Dkt. No. 277). Because this motion was filed within 21 days after Barker responded to this Court's Hill v. Braxton notice, the Court **GRANTS** Barker's motion to cite supplemental authority (Dkt. No. 277).

32

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

To sum up, Barker has asserted the following six grounds for habeas relief: (1) his counsel was constitutionally ineffective for leading him to believe that a 120-month sentence was reasonable; (2) his counsel was constitutionally ineffective at the plea hearing by failing to elicit exculpatory testimony from the Government's witness; (3) the Government engaged in prosecutorial misconduct by altering discovery documents to change a dollar amount; (4) he was erroneously sentenced as a career offender; (5) he is actually innocent of his attempt offense; and (6) the Court lacked a sufficient factual basis to accept his guilty plea.

**C. Applicable Law**

Section 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by

33

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

a preponderance of the evidence. See <u>Miller v. United States</u>, 261
F.2d 546, 547 (4th Cir. 1958).

**D. Discussion**

Barker's § 2255 petition is untimely because it fails to meet
any of the exceptions in § 2255(f) and fails to warrant equitable
tolling. And even when considered on its merits, his petition
misapprehends the fact that he was not sentenced as a career
offender. Further, he suffered no prejudice when the Court made
reference to the career offender guideline during his sentencing
hearing.

**1. Timeliness**

The Anti-Terrorism and Effective Death Penalty Act of 1996
("AEDPA") established a one-year statute of limitations for filing
a habeas petition under § 2255. Under the AEDPA, the limitation
period runs from the latest of:

        (1)  the date on which the judgment of conviction
             becomes final;

        (2)  the date on which the impediment to making a
             motion created by the governmental action in
             violation of the Constitution or laws of the

BARKER v. UNITED STATES                           1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

> United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)  the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

A criminal conviction becomes final at the end of the appellate process or when the time for a direct appeal expires and the defendant has not noticed an appeal. United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017). Here, Barker had to file his habeas petition by September 4, 2018, one year after his conviction became final on September 4, 2017. 28 U.S.C. § 2255(f)(1). But he did not file his petition until July 5, 2019, nearly one year after the expiration of the statute-of-limitations deadline (Dkt. No. 1). Thus, his claims are procedurally barred under § 2255(f)(1).

Despite this, Barker contends that the limitations period should run from a later date because § 2255(f)(1) is not applicable

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

to his case. Specifically, he contends §§ 2255(f)(4) and (2) extend the limitations period. Alternatively, he argues that the limitations period should be equitably tolled. The Court will address each of these arguments in turn.

#### a. Section 2255(f)(4)

Barker first asserts that his petition is not barred because the applicable one-year limitations period began to run from the date on which the facts supporting his claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4); see Dkt. No. 273 at 13 (indicating that § 2255(f)(4) applies). However, neither in his petition nor in his response to the Hill v. Braxton notice does Barker explain how § 2255(f)(4) applies (Dkt. No. 276). Specifically, he provides no evidence of any newly discovered facts supporting the claims in his § 2255 petition, nor does he identify the date on which such facts could have been discovered through the exercise of due diligence. Accordingly, § 2255(f)(4) does not apply to his motion.

BARKER v. UNITED STATES                         1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

### b. Section 2255(f)(2)

Barker next contends that, pursuant to § 2255(f)(2), the statute of limitations should run from the date on which an "impediment to making [his] motion" due to "governmental action in violation of the Constitution or laws of the United States is removed." Id. According to Barker, the government "misled" the Court regarding application of the career offender enhancement because inchoate offenses no longer qualify as controlled substance offenses for purposes of the career offender enhancement (Dkt. No. 276 at 2).

Pursuant to his binding plea agreement, Barker stipulated to and received a sentence of 120 months, well below the low end of the guideline range applicable to a career offender.[17] Despite his contention otherwise, he was never sentenced as a career offender. Accordingly, no unconstitutional act by the Government prevented him from filing his § 2255 motion within the one-year limitations

---

[17] Barker's assertion that his guideline range of imprisonment would have been 8 to 14 months without the career offender enhancement is without merit (Dkt. No. 276 at 6).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

period, and he has failed to establish that his motion is timely under § 2255(f)(2).

### c. Equitable Tolling

The AEDPA's one-year statute of limitations is subject to equitable tolling only if a plaintiff can establish (1) that he has pursued his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Here, Barker has presented no such evidence. Indeed, as is discussed later, infra pp. 41-50, Barker's argument regarding application of the career offender enhancement is based solely on legal interpretations of the United States Sentencing Guidelines contained in cases decided subsequent to his sentencing, not on any extraordinary circumstances that prevented his timely filing.

Barker also is mistaken when he argues that he is actually innocent of the career offender enhancement, a ground he raises to excuse any procedural default, including untimely filing (Dkt. No. 285, 287, 291, 343). Relying on United States v. Maybeck, 23 F.3d

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

888 (4th Cir. 1994), he argues that one of his prior offenses was not a qualifying predicate offense.

Even if Maybeck would allow for equitable tolling in other circumstances, it provides no support for Barker's argument. In Maybeck, the defendant failed to qualify as a career offender at the time of his sentencing, but was incorrectly sentenced as such. 23 F.3d at 892. Here, it is undisputed that, although not sentenced as such, Barker qualified as a career offender under the law at the time. And the fact that the presentence report listed one of his predicate offenses incorrectly is not impactful because, unlike the circumstances in Maybeck, the actual offense committed by Barker did qualify as a controlled substance offense at the time.

### 2. Ineffective Assistance of Counsel

Even if the Court were to equitably toll the statute of limitations, Barker still would be unable to succeed on the substantive issues raised in his § 2255 petition. With respect to ineffective assistance of counsel, he first argues that his trial counsel erroneously advised him he was subject to the career

39

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

offender enhancement and that, in reliance on that advice, he accepted the binding plea agreement to a 120-month sentence rather than face a longer sentence. Next, Barker argues that, at his plea hearing, his attorney failed to elicit testimony negating his intent to distribute para-fluorofentanyl.

To succeed on an ineffective assistance of counsel claim, a petitioner must establish, by a preponderance of the evidence, that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the first prong, a petitioner must demonstrate that his counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, the petitioner must establish that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694. Where, as here, the petitioner has entered into a plea agreement, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### a. Failure to Advise Barker that He Was not a Career Offender

Barker's first ground for ineffective assistance is unpersuasive inasmuch as his 120-month sentence was based on a binding plea agreement, not a guideline calculation. And that

41

BARKER v. UNITED STATES                        1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

sentence was below his otherwise applicable advisory guideline range with the career offender enhancement.

**(i)**

Under U.S.S.G. § 4B1.1(a), a defendant qualifies as a career offender if (1) he was at least eighteen years old at the time he committed his instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The text of U.S.S.G. § 4B1.2(b) defines the term controlled substance offense without reference to inchoate offenses, but the first application note in the commentary states that the term includes the offenses of aiding and abetting, conspiracy, and attempt. U.S.S.G. § 4B1.2 cmt. n.1.

The majority of federal circuit courts that have considered the question have held that the commentary is consistent with the text of U.S.S.G. § 4B1.2 and therefore authoritative. See United States v. Richardson, 958 F.3d 151, 154-55 (2d Cir. 2020); United States v. Adams, 934 F.3d 720, 729 (7th Cir. 2019); United States

42

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

v. Smith, 54 F.3d 690, 693 (11th Cir. 1995); United States v. Mendoz-Figueroa, 65 F.3d 691, 693 (8th Cir. 1995); United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994).

At least three circuits courts, however, have rejected this view, holding that the inclusion of inchoate offenses erroneously expands the plain language of U.S.S.G. § 4B1.2. See United States v. Nasir, 17 F.4th 459, 471-72 (3d Cir. 2021) (en banc) (holding that the definition of controlled substance offense does not include inchoate crimes); United States v. Havis, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc) (per curiam) (holding that the definition of controlled substance offense does not include attempt crimes); United States v. Winstead, 890 F.3d 1082, 1090-92 (D.C. Cir. 2018) (same).

Until recently, the Fourth Circuit had long "assumed," without holding, that convictions for conspiracy under 18 U.S.C. § 846 qualified as controlled substance offenses. See United States v. Norman, 935 F.3d 232, 239-41 (4th Cir. 2019) (citing United States v. Brandon, 363 F.3d 341, 345 (4th Cir. 2004); United States

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

v. Walton, 56 F.3d 551, 555 (4th Cir. 1995); United States v.

Kennedy, 32 F.3d 876, 888 (4th Cir. 1994)).

Subsequent to Barker's sentencing, however, our circuit began

to apply a categorical approach to determine whether a specific

inchoate conviction qualified as a controlled substance offense

under U.S.S.G. § 4B1.2(b). See United States v Dozier, 848 F.3d

180, 188 (4th Cir. 2017) (holding that a West Virginia conviction

for attempt to distribute a controlled substance is a controlled

substance offense). But see Norman, 935 F.3d at 240 (holding a

conviction for conspiracy to possess a controlled substance with

the intent to distribute under 18 U.S.C. § 846 is not a controlled

substance offense, but nevertheless concluding that the district

court's error in holding otherwise was not plain and, therefore,

not subject to reversal). Finally, in United States v. Campbell,

22 F.4th 438, 443 (4th Cir. 2022), the Fourth Circuit, joining the

D.C., Third, and Sixth Circuits, held that the inclusion of the

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

inchoate offense of attempt erroneously expands the plain language of U.S.S.G. § 4B1.2.[18]

### (ii)

When Barker was prosecuted in 2017, his counsel rightly was concerned that, absent a plea agreement, if convicted Barker would be sentenced as a career offender. He was over 18 years old, and his offense of conviction was Attempted Possession with the Intent to Distribute Para-Fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Moreover, his two predicate offenses qualifying for the career offender enhancement were (1) Conspiracy to Distribute a Quantity of Heroin, in violation of 21 U.S.C. § 846 (S.D. W. Va., Criminal Action No. 6:01CR256); and (2) Aiding and Abetting in Possession with the Intent to Distribute 5 Grams or more of Cocaine Base and less than 500 Grams of Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and 18 U.S.C. § 2 (1:04CR86, Dkt. No. 42). Accordingly, he advised

---

[18] <u>Campbell</u> reserved judgment as to whether aiding and abetting and conspiracy also fail to qualify as controlled substance offenses under U.S.S.G. § 4B1.2. 22 F.4th at 442 n.2.

45

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Barker of his exposure as a career offender under U.S.S.G. § 4B1.1(a). That advice, given in 2017, was objectively reasonable.

Five years later, following the Fourth Circuit's decision in Campbell that the inchoate offense of attempt did not qualify as a controlled substance offense, Barker would no longer qualify as a career offender. But "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

At the time of his prosecution and sentencing in 2017, the commentary to the sentencing guidelines explicitly took the position that Barker's attempt offense qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b), and case law in the Fourth Circuit supported that view. Consequently, when Barker was sentenced, any argument that he did not qualify as a career offender lacked merit, and "[a]n attorney's failure to raise a meritless argument [ ] cannot form the basis of a successful

46

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

ineffective assistance of counsel claim[.]" United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

**(iii)**

Even assuming counsel's failure to raise such an argument was objectively unreasonable, Barker ultimately cannot demonstrate that he was prejudiced by that failure. Specifically, he "must show that there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A review of the evidence in this case establishes beyond debate that, even had he been advised that he may not be a career offender, the probability that Barker would have proceeded to trial is extremely low.

To begin, given the state of the law in the Fourth Circuit in 2017, defense counsel would have been unsuccessful in arguing against application of the career offender enhancement. Therefore, absent a plea, Barker was exposed to a guideline range of imprisonment of at least 151 to 188 months.

Had Barker rejected the Government's binding plea offer and proceeded to trial, he would have faced daunting odds. At Barker's

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

plea hearing, when the Court explicitly inquired of Barker's counsel about possible defenses to the charges in his client's case, counsel candidly replied that "[a]ny defense would have been holding the Government to its burden of proof and attacking the credibility of the Government witnesses, but the stakes are so very high that we're not going to take that risk" (Dkt. No. 328 at 40). If convicted, based on the loss of acceptance of responsibility, Barker faced a guideline range of 210 to 262 months of imprisonment.[19] Given this exposure, the binding plea agreement to a sentence of 120 months was clearly in Barker's best interest.

Nor was this significant reduction in his length of imprisonment the only benefit Barker obtained from his binding plea agreement. The Government also agreed to offer binding plea agreements to sentences of 36 months to his father, Randall Barker, and his then-girlfriend, Dunigan. This concession was a material, bargained-for condition of Barker's plea agreement, indeed one he

---

[19] Even without application of the career offender enhancement, Barker's guideline range upon conviction would have been 168 to 210 months of imprisonment.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

had negotiated hard to obtain; absent this consideration, his then-girlfriend, Dunigan, faced an advisory guideline range of imprisonment of 97 to 121 months (Dkt. No. 228 at 6).[20] Accordingly, Barker's binding plea agreement not only reduced his own term of imprisonment but also ensured that his father and Dunigan would receive sentences no greater than 36 months.

From all this, the Court has no difficulty concluding that, even had counsel advised him that he may not have qualified as a career offender, Barker cannot demonstrate a "reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. His binding plea agreement significantly reduced not only his own sentencing exposure but also that of his co-defendant, Dunigan.

Finally, any argument that the Court would have rejected Barker's binding plea agreement had it considered his guideline range absent the career offender enhancement is wholly without merit. At Barker's sentencing, the Court specifically stated:

---

[20] Randall Barker faced an advisory guideline range of 0 to 36 months of imprisonment (Dkt. No. 260).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

> I don't think the fact that [the binding plea agreement] modifies what otherwise would be a career offender sentence is unwarranted or irrational and I think that this is a reasonable outcome considering the statutory factors. Certainly it's a long enough sentence for a person that I consider to be dangerous to the community at large given the nature of his criminal offenses and it's what's warranted in light of his history and background and the circumstances of this case.

(Dkt. No. 331 at 8).

Accordingly, because it concluded that a 120-month sentence was warranted and reasonable under the facts and circumstances of the case, an argument that Barker was not in fact a career offender would not have altered the Court's decision. Barker's first claim for ineffective assistance therefore fails under both prongs of Strickland.

### b. Failure to Elicit Testimony at the Plea Hearing

The next ground Barker raises in support of his ineffective assistance claim fares no better. He pleaded guilty to Attempted Possession with the Intent to Distribute Para-Fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. "To convict a defendant of possession with the intent to distribute, the

50

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

government must prove: (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). "[T]he intent to distribute can be inferred from a number of factors, including but not limited to: (1) the quantity of the drugs; (2) the packaging; (3) where the drugs are hidden; and (4) the amount of cash seized with the drugs." Id.

Barker argues that, at the plea hearing, his counsel failed to elicit testimony negating his intent to distribute para-fluorofentanyl and failed to object to the Court's acceptance of his plea agreement (Dkt. No. 306). In support of his argument, he relies on a Memorandum of Investigation recounting an interview with a confidential informant who stated that Barker had ceased selling para-fluorofentanyl following an inmate overdose (Dkt. No. 306-1 at 2).

But at the plea hearing, when the Court inquired of Barker, "Is it accurate to say that you were attempting to smuggle fentanyl into the regional jail with the intent to distribute it?" (Dkt. No. 328 at 39), he answered, "Yes." Id. And Corporal John Wayne

BARKER v. UNITED STATES                           1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Smith, Jr., testified that during his investigation he learned that inmates at North Central Regional Jail had overdosed on para-fluorofentanyl distributed by Barker (Dkt. No. 328 at 36-38).

Given Barker's sworn admission at the plea hearing, any argument that he lacked the intent to distribute para-fluorofentanyl would have failed, for not only did Barker admit to smuggling para-fluorofentanyl into the regional jail with the intent to distribute it, Corporal Smith also confirmed that Barker was the source of the para-fluorofentanyl on which inmates had overdosed. In the face of such evidence, an unsworn statement from a confidential informant would have been insufficient to negate Barker's sworn admission of intent. And "[a]n attorney's failure to raise a meritless argument [ ] cannot form the basis of a successful ineffective assistance of counsel claim[.]" Kimler, 167 F.3d at 893. [21]

---

[21] It is also worth noting that the Court would not have accepted his plea had Barker denied an element of the offense. Brady v. United States, 397 U.S. 742, 748 (1970) ("Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment.")

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Accordingly, when taking into account the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, it is clear any decision by Barker's counsel not to elicit testimony or not to object to the Government's evidence at the plea hearing was objectively reasonable. Barker's second claim for ineffective assistance therefore fails.

### 3. Prosecutorial Misconduct

Barker argues that the Government engaged in prosecutorial misconduct by misrepresenting that he had sent more than $60,000 to Chinese companies to purchase synthetic drugs. He does not deny dealing with Chinese companies but rather claims the actual amount involved was less than $27,000.

To prevail on a claim of prosecutorial misconduct, a petitioner must establish that (1) the Government's alleged misconduct was improper, and (2) that the alleged misconduct prejudiced him. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Here, regardless of whether the Government's conduct was improper, Barker cannot demonstrate any prejudice. This is

53

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

because the discrepancy in the amount of money Barker sent to China would not have altered his sentence.

First, because Barker did not receive a guideline sentence, any error in the determination of his relevant conduct had no impact on his sentence. Moreover, but for the terms of his binding plea agreement Barker would have been a career offender. And under the career offender guideline his offense level would not have been determined by a disputed amount of relevant conduct. U.S.S.G. § 4B1.1(b).

Even setting aside these two points, Barker's argument is without merit. Using the disputed $60,000 figure, the probation officer initially determined, without objection, that Barker's drug relevant conduct was between 1,000 kilograms and 3,000 kilograms of marijuana equivalent (Dkt. No. 221 at 4-5). She derived this figure from known drug purchases that had occurred during the conspiracy. Id. In particular, she calculated that the alleged $60,000 purchased roughly 6,000 grams of MAM-2201. Id. When converted to marijuana equivalent, that equated to 1,002 kilograms of drug weight. Id.

54

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Barker's relevant conduct also included his distribution of para-fluorofentanyl, the drug charged in his offense of conviction. Id. Although the probation officer acknowledged that she was unable to ascertain the precise amount of para-fluorofentanyl Barker distributed, she could conservatively estimate from the investigative materials that at least 1,000 kilograms of marijuana equivalent was involved. Id. Using this amount of para-fluorofentanyl, and based on a total drug weight of at least 2,002 kilograms of marijuana equivalent, she calculated Barker's base offense level as a 30. U.S.S.G. § 2D1.1(c)(5).

Subsequent to his sentencing, and as part of his § 2255 motion, Barker produced evidence that he had only sent $26,344 to China to purchase MAM-2201 (Dkt. No. 315).[22] And he also argued that the drug weight for the para-fluorofentanyl was a precise amount, 3.5 grams, thus making his total drug weight only 448.63

---

[22] In a letter to the West Virginia Office of Disciplinary Counsel, the Government acknowledged the discrepancy, but denied Barker's allegation of misconduct (Dkt. No. 351).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

kilograms of marijuana equivalent, which yields a base offense level of 26. U.S.S.G. § 2D1.1(c)(7).

Barker's argument is unpersuasive. Even assuming he only purchased $26,344 of MAM-2201 from China, Barker has failed to establish that he is only responsible for 3.5 grams of para-fluorofentanyl. Indeed, in light of the Government's evidence of the amount of para-fluorofentanyl involved in the case, Barker's base offense level would not change, notwithstanding a reduction in the amount of money he sent to China to purchase MAM-2201.

To begin, Barker does not dispute that he purchased $26,344 of MAM-2201 from China. This alone equates to a drug weight of roughly 439.88 kilograms of marijuana equivalent. His argument therefore depends entirely on his claim that he is only responsible for 3.5 grams of para-fluorofentanyl, or 8.75 kilograms of marijuana equivalent. But this claim does not hold up on close scrutiny. Although the probation officer stated that she was unable to calculate a precise amount of para-fluorofentanyl, based on the evidence supporting the Government's version of the offense she was able to estimate a drug weight of at least 1,000 kilograms of

56

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
#### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

marijuana equivalent, far more than the 8.75 kilograms claimed by Barker (Dkt. No. 221 at 5).

And it bears noting that this is an extremely conservative estimate. The Government's case file established that Barker was actually responsible for 1,003.5 kilograms of fentanyl, or 2,508.75 kilograms of marijuana equivalent (Dkt. No. 380 at 7-8).[23] To arrive at that total, it first calculated the amount of fentanyl Barker introduced into North Central Regional Jail (Dkt. No. 380-1). This included two packages, one of which was the package intercepted on September 14, 2016, the other the controlled delivery completed on November 13, 2016. Id. Together, these yielded the 3.5 grams of para-fluorofentanyl for which Barker acknowledges responsibility. Id. But the Government file also had evidence obtained from a confidential informant that Barker had purchased an additional kilogram of fentanyl (Dkt. No. 380-2). With this additional drug weight, the Government was able to

---

[23] Although this evidence was produced in response to Barker's motion for compassionate release, the Court finds it applicable to his § 2255 petition because both raise similar claims.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

attribute a total of 1,003.5 kilograms of fentanyl, or 2,508.75 kilograms of marijuana equivalent, to Barker.

Even calculating Barker's offense level using the corrected amount of funds for MAM-2201 and the probation officer's conservative amount of para-fluorofentanyl, rather than the Government's larger estimate, Barker's total drug relevant conduct is at least 1,439.88 kilograms of marijuana equivalent. And under U.S.S.G. § 2D1.1(c)(5), this drug weight results in a base offense level of 30, as originally calculated by the probation officer. Accordingly, Barker's base offense level remains unchanged regardless of the amount of money he sent to China.

Even accepting Barker's argument that he distributed only 3.5 grams of para-fluorofentanyl, he was appropriately classified as a career offender at the time of his sentence. And under that guideline his offense level, before any adjustment for acceptance of responsibility, was a minimum of 32 regardless of drug weight. U.S.S.G. § 4B1.1(b). Accordingly, a lower drug weight would not have reduced Barker's offense level or his advisory guideline range.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Barker therefore cannot establish prejudice as a result of any Government error. Because he was sentenced under a binding plea agreement, any guideline error would not have impacted his sentence. Similarly, as a career offender, his offense level would not have been calculated using his drug relevant conduct. And finally, even correcting the amount of money Barker paid for MAM-2201 does not change his base offense level. His claim for prosecutorial misconduct thus fails.[24]

**4. Waiver of Claims in Plea Agreement**

In his plea agreement, Barker waived his right to collaterally attack his conviction or sentence or the manner in which the Court calculated his sentence (Dkt. No. 205 at 4). "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

---

[24] Any allegation that Barker's counsel was ineffective for failing to object to the discrepancy over the amount of money sent to China is without merit as Barker suffered no prejudice from the discrepancy.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Fed. R. Crim. P. 11 requires the Court to determine whether the defendant accepts a plea voluntarily, without force, threats, or promises. To do so, the Court must find that a defendant who pleads guilty understands the nature of the charge and is aware of the consequences of his plea. McCarthy v. United States, 394 U.S. 459, 464 (1969). "The representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Here, at his plea hearing Barker stated that he understood and agreed with the Government's summary of the terms of his plea agreement (Dkt. No. 328 at 18). He also confirmed that his plea was not the result of any undisclosed promises, threats, or harassment. Id. at 39. Moreover, Barker's counsel represented that he was satisfied Barker understood the terms of his plea agreement. Id. at 35. And finally, after conducting an extensive colloquy with Barker about the terms of his plea agreement, id. at 19-35, the Court concluded that his plea was knowing, informed, freely given, and voluntary. Id. at 40.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

While the Fourth Circuit's decision in Campbell undoubtedly has changed the nature of the offenses that qualify for the career offender enhancement in the Fourth Circuit, any argument that this recent change makes Barker's plea in 2017 unknowing is without merit. Although not sentenced as such, Barker (1) was appropriately categorized as a career offender at the time of his sentencing, (2) was accurately informed of the state of the law at the time, and (3) knowingly pleaded guilty. See United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014) (holding that "defendants cannot knowingly and voluntarily enter an appeal waiver, receive a sentence that fully complies with the law applicable at the time of sentencing, and then, when that law later changes, argue that the issue falls outside the binding scope of the waiver").[25]

Even if Barker had not knowingly and voluntarily waived his right to challenge claims other than ineffective assistance of counsel or prosecutorial misconduct, such claims would still fail because Barker erroneously argues he was sentenced as a career

---

[25] Although Archie addressed appellate waivers, the Court finds no reason to depart from its holding in the context of collateral attack waivers.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

offender. As has been discussed at length, however, he was sentenced pursuant to a bargained-for, binding plea agreement that included material benefits to him, his then-girlfriend, and his father.

But even if Barker had been sentenced as a career offender, he undoubtedly qualified for the enhancement at the time. "[A] career-offender enhancement that is later invalidated by case law is not a miscarriage of justice" resulting in a cognizable habeas claim. United States v. Fallin, No. 20-7702 (4th Cir. July 14, 2022); see also United States v. Foote, 784 F.3d 931, 935-36 (4th Cir. 2015) (holding that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" does not raise a cognizable claim under 28 U.S.C. § 2255).

Barker also contends that the Court erroneously accepted his guilty plea without evidence of his intent to distribute para-fluorofentanyl. But, again, as has been discussed, supra pp. 50-53, based on his sworn admission, the evidence is otherwise. And, finally, Barker argues he is actually innocent because fentanyl

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

analogues, such as para-fluorofentanyl, can trigger false positives for controlled substances. He cites no authority for this proposition, but simply asserts that "this is not uncommon." Without more than these conclusory allegations, Barker cannot establish by a preponderance of the evidence that the drug test results in his case were in fact false positives.

In sum, Barker has failed to overcome the "formidable barrier" erected by his own informed and knowing statements made during his plea colloquy when he admitted to the elements of his offense. Consequently, the Court concludes that, pursuant to the terms of his binding plea agreement, Barker knowingly and voluntarily waived his right to collaterally attack his conviction or sentence, or the manner in which the Court calculated his sentence.

### 5. Remaining Motions

On November 1, 2019, Barker filed a motion to expedite a ruling on the pleadings (Dkt. No. 283). Because the Court has ruled on his § 2255 petition, it **DENIES** that motion **AS MOOT.** Subsequently, on April 30, 2020, Barker moved to stay this action pending a ruling on his motion to correct his presentence report

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

pursuant to Fed. R. Crim. P. 36 (Dkt. No. 298). Because the Court

has already ruled on that motion, it also **DENIES** that motion **AS**

**MOOT**.

**E. Conclusion**

For the reasons discussed, the Court **DENIES** Barker's § 2255

petition (Dkt. No. 269) and **DISMISSES** Civil Action Number 1:19CV134

**WITH PREJUDICE**. Because the record conclusively establishes that

Barker is not entitled to relief, there is no need for the Court

to conduct an evidentiary hearing. 28 U.S.C. § 2255(b); see Raines

v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

**E. Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases,

the district court "must issue or deny a certificate of

appealability when it enters a final order adverse to the

applicant." If the court denies the certificate, "the parties may

not appeal the denial but may seek a certificate from the court of

appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C.

foll. § 2255(a). The Court finds it inappropriate to issue a

certificate of appealability in this matter because Barker has not

64

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Barker has failed to make the requisite showing, and **DENIES** a certificate of appealability.

## III. MOTION FOR COMPASSIONATE RELEASE

**A. Background**

On November 15, 2021, Barker filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 372). In support, he echoes the claims asserted in his habeas petition that he was improperly sentenced as a career offender and that the Court incorrectly calculated his relevant conduct. Id. He adds to this that he is not a danger to the community and is capable of becoming a productive citizen. Id.

BARKER v. UNITED STATES                         1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Finally, he expresses a desire to care for his ailing father and to provide guidance to his daughter. Id. The Government disputes Barker's entitlement to compassionate release (Dkt. No. 380).

Barker has filed numerous documents in support of his motion. Before the Government even responded, he had filed three supplemental citations of authority (Dkt. Nos. 375, 378, 379). And after filing his reply, he filed three more supplemental citations (Dkt. Nos. 386, 387, 394). He also has filed two documents with supplemental documentary evidence in support of his motion (Dkt. Nos. 392, 400). Finally, he filed an addendum to his compassionate release motion (Dkt. No. 389), a supplemental memorandum of law (Dkt. No. 393), and a supplemental letter of achievement (Dkt. No. 398).

### B. Applicable Law

Once imposed, a court may only modify a term of imprisonment in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of those circumstances is compassionate release pursuant to 18 U.S.C. § 3582, which permits courts to reduce a term of imprisonment if (1) a defendant exhausts all

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

administrative remedies; (2) an extraordinary and compelling reason for a sentence reduction exists; and (3) a sentence reduction is consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

## C. Discussion

### 1. Administrative Exhaustion

Barker represents that, on October 12, 2021, in accord with the policy at USP Leavenworth, he submitted his request for compassionate release to a member of his unit team (Dkt. No. 372 at 2). Consequently, because more than 30 days has passed since that submission, Barker argues he has satisfied the exhaustion requirement in 18 U.S.C. § 3582. Id. The Government has been unable to confirm or deny Barker's account, nor has it supplemented its brief with additional information (Dkt. No. 380 at 6).

The administrative exhaustion requirement of 18 U.S.C. § 3582 is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Bureau's decision <u>or</u> waits 30 days from the date of [his] initial request to file a motion in the district court." <u>United States v. Muhammad</u>, 16 F.4th 126, 131 (4th Cir. 2021) (emphasis in original). Here, Barker submitted his initial request for compassionate release at USP Leavenworth more than 30 days before filing his motion with this Court. The Court therefore concludes he has satisfied the exhaustion requirements in 18 U.S.C. § 3582.

### 2. Extraordinary and Compelling Reasons

Barker argues that several extraordinary and compelling reasons justify his release. First, he challenges his sentencing guideline range, contending he was improperly classified as a career offender at the time of his sentencing. He also argues that his relevant conduct was incorrectly calculated. Next, he argues he is not a danger to the community and is capable of becoming a productive citizen. Finally, he asserts the need to care for his father, who suffers from stage four kidney cancer, and to provide guidance to his teenage daughter.

Section 3582 does not define the phrase "extraordinary and compelling," but instead requires that any sentence reduction be

68

**BARKER v. UNITED STATES**                    **1:19CV134/1:16CR31-1**

### MEMORANDUM OPINION AND ORDER
#### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

### a. Sentencing Guideline Calculation

Regarding Barker's contention that he was improperly classified as a career offender and that his relevant conduct calculation was incorrect (Dkt. No. 372 at 3-4), the Government points out that he was sentenced pursuant to a binding plea agreement, not according to a specific guideline range (Dkt. No.

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

380 at 6-7). Alternatively, it argues that Barker's sentence under the guidelines would have been greater than the sentence he actually received. Id. at 7-9. And finally, in a supplement, it contends that the recent decision in United States v. Campbell, 22 F.4th 438, 443 (4th Cir. 2022), does not aid Barker's argument (Dkt. No. 402).

Following McCoy, district courts in this circuit have found extraordinary and compelling reasons justifying compassionate release where a defendant likely would have received a dramatically lower sentence if sentenced today. See, e.g., United States v. Trice, No. 7:13CR00034-001, 2021 WL 402462, at *2-3 (W.D. Va. Feb. 3, 2021); United States v. Arey, 461 F. Supp. 3d 343, 349-50 (W.D. Va. 2020); United States v. Decator, 452 F. Supp. 3d 320, 324 (D. Md. 2020); United States v. Redd, 444 F. Supp. 3d 717, 722-24 (E.D. Va. 2020).

But as this Court has discussed at length, supra pp. 47-50, Barker and the Government entered into a bargained-for, binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which both agreed that the appropriate sentence was a term of

70

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

imprisonment of 120 months (Dkt. No. 205 at 2). At sentencing, after carefully reviewing the relevant factors, including what his likely advisory guideline range would have been without the binding plea agreement, the Court accepted the terms of the binding plea agreement (Dkt. No. 331 at 9) and imposed a non-guideline sentence of 120 months (Dkt. No. 222).

Although the Court did not apply the career offender enhancement, Barker nevertheless contends that, under the state of the law, either at the time of his sentencing or at present, he is not subject to the career offender enhancement. And he argues that, had he known this in 2017, he would have rejected a 120-month sentence as unreasonable. The Government, however, contends that, even absent consideration of the career offender enhancement, Barker's 120-month sentence was reasonable at the time.

As the Court has previously noted, supra pp. 55-58, without the career offender enhancement, Barker's 120-month sentence was below his otherwise applicable guideline range. Based on a criminal history category IV, and the probation officer's estimate of his drug relevant conduct, Barker's total offense level would have

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

been a 29. Accordingly, his guideline range without the career offender enhancement would have been 121 to 151 months of imprisonment.

And even crediting Barker's meritless argument that his drug weight only included 3.5 grams of para-fluorofentanyl, his total offense level would have been a 25. Combined with his criminal history category IV, Barker's guideline range would have been 84 to 105 months of imprisonment. Although lower than the 120-month sentence he actually received,[26] courts may conduct "individualized assessments of each defendant's sentence" when considering any sentencing disparity. McCoy, 981 F.3d at 286. Here, as previously discussed, supra pp. 48-49, as part of his plea agreement, Barker negotiated a significantly lower sentence for his co-defendant Dunigan. Moreover, the Court specifically concluded that a 120-

---

[26] Barker relies on the Statement of Reasons in Criminal Action No. 1:16CR31-1 (Dkt. No. 223) to argue that he should receive a "variance" from this guideline range equivalent to the "variance" he received from his career offender guideline range. But Barker did not receive a guideline variance in Criminal Action No. 1:16CR31-1. He was sentenced pursuant to a binding plea agreement.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

month term of imprisonment was warranted and reasonable given the serious nature of Barker's criminal activity.

Accordingly, any contention a dramatic disparity exists that constitutes an extraordinary and compelling reason to grant Barker compassionate release is without merit.

### b. Danger to the Community

Given that protection of the public is a factor to be considered under 18 U.S.C. § 3553(a), the Court will address Barker's argument on this point when it considers whether those factors are consistent with his release.

### c. Family Circumstances

Turning to Barker's argument that he needs to care for his father who has suffered from stage four cancer for some time, and also wants to provide guidance to his teenage daughter (Dkt. No. 372), the Government contends that (1) Barker's family circumstances do not warrant compassionate release, and (2) he fails to meet the relevant criteria in U.S.S.G. § 1B1.13 cmt. n.1(C) (Dkt. No. 380 at 9).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

While "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," the policy statements "remain[] helpful guidance." McCoy 981 F.3d at 282 n.7 (emphasis in original). Under the non-binding policy statement for a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), family circumstances constitute an extraordinary and compelling reason for compassionate release in the following instances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children;" and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered person." U.S.S.G. § 1B1.13 cmt. n.1(C).

Here, Barker's father's kidney cancer has been successfully treated as a chronic disease for several years,[27] a circumstance that does not fit neatly into either of the categories outlined in U.S.S.G. § 1B1.13 cmt. n.1(C). And Barker's argument is

---

[27] On May 5, 2021, the Court terminated Randall Barker's term of probation early in part to aid his cancer treatment (Dkt. No. 350).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

unpersuasive because he has not provided any evidence that his grandmother is unable to continue caring for her son, whether in West Virginia or in Florida.

Next, Barker expresses a general desire to care for his daughter by providing guidance regarding her schooling and career. This situation also does not fit any of the categories outlined in U.S.S.G. § 1B1.13 cmt. n.1(C). While the Court recognizes that it is not bound by that policy statement, it finds Barker's general desire to help his daughter does not constitute an extraordinary and compelling reason supporting compassionate release. Moreover, Barker has been able to provide guidance to his daughter even while incarcerated.

Accordingly, even without limiting extraordinary and compelling reasons solely to those outlined in U.S.S.G. § 1B1.13 cmt. n.1(C), the Court finds that Barker's family circumstances do not warrant compassionate release.

### 3. Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)

Even if Barker could demonstrate that extraordinary and compelling reasons exist justifying his early release, the

75

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Government contends such release would not be in accord with the § 3553(a) factors (Dkt. Nos. 380 at 10-11). Barker emphasizes his accomplishments while incarcerated and argues that he no longer poses a danger to the community and is capable of becoming a productive citizen (Dkt. No. 372 at 4-6). Moreover, he contends that his sentence is disproportionate to those of his co-defendants (Dkt. No. 383 at 9-10).

Any decision to release an inmate pursuant to § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). Relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

Even acknowledging his recent educational accomplishments and his current PATTERN[28] score, granting Barker compassionate release would not accord with the § 3553(a) factors. He is not scheduled to be released until April 25, 2025,[29] and his lengthy criminal history, which includes an uninterrupted pattern of serious criminal behavior over at least a decade, places Barker at high risk of recidivism. Consideration of his most recent offense, which concerned the sale of controlled substances in prisons throughout the United States, including while he was incarcerated, underscores this point. These activities led to overdoses by his fellow inmates, including his cellmate. Contrary to his contention that he has left a lifetime of criminal behavior behind and plans to find work as a paralegal, the Court concludes that Barker's release three (3) years before the conclusion of his sentence would endanger the public, fail to promote respect for the law, and would

---

[28] PATTERN, which stands for Prisoner Assessment Tool Targeting Estimated Risk and Needs, is a BOP risk assessment tool. PATTERN Risk Assessment, Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/pattern.jsp (last visited July 13, 2022).

[29] Find an Inmate, Fed. Bureau of Prisons, www.bop.gov/inmateloc/ (results for Register No. 06784-088) (last visited July 13, 2022).

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

not serve to deter similar criminal conduct. Moreover, any sentencing disparity between Barker and his co-defendants, Randall Barker and Dunigan, is a consequence of Barker's bargained-for, binding plea agreement and also reflects the differences in their respective criminal histories. Accordingly, even if Barker could demonstrate extraordinary and compelling reasons, his early release would not be consistent with the factors under § 3553(a).

**D. Conclusion**

For the reasons discussed, the Court **DENIES WITHOUT PREJUDICE** Barker's motion for compassionate release (Dkt. Nos. 372).

## IV. VARIOUS PRO SE CRIMINAL MOTIONS

**A. Background**

On September 3, 2021, the Court entered a Memorandum Opinion and Order disposing of numerous pro se criminal motions filed by Barker (Dkt. No. 356). Following that decision, Barker filed a notice of appeal (Dkt. No. 361), which included a motion for appointment of counsel to prosecute that appeal (Dkt. No. 362). And a few days later, he moved this Court to reconsider its

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

September 3, 2021 ruling (Dkt. No. 366). He then filed three supplements to that motion (Dkt. Nos. 371, 376, 385).

Subsequently, on December 16, 2021, Barker moved for discharge from the "illegal forfeiture contract" in his plea agreement (Dkt. No. 381). Then, on January 19, 2022, he moved for an order directing the Clerk to directly provide him with copies of documents from his criminal case (Dkt. No. 388).

**B. Motion for Appointment of Counsel on Appeal**

The decision whether to appoint counsel on appeal rests with the Fourth Circuit. L.R. 4th Cir. 46(d). Accordingly, the Court **DENIES** Barker's motion (Dkt. No. 362), and notes that he should file such motion with the Fourth Circuit, where his appeal is lodged.

**C. Motion for Reconsideration and Motion for Discharge from Forfeiture Agreement**

Barker proffers four (4) grounds in support of his motion to reconsider the September 3, 2021 Memorandum Opinion and Order (Dkt. No. 366). None of these is persuasive.

BARKER v. UNITED STATES                        1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

First, Barker contends that, under Fed. R. Crim. P.
32.2(b)(1), the property forfeited under his plea agreement lacks
the requisite nexus to his offense of conviction. According to
Barker, the forfeited property is only connected to one of his
charged offenses. Barker's motion for discharge from the "illegal
forfeiture contract" in his plea agreement also raises this same
argument (Dkt. No. 381). The Court therefore construes these
arguments as a second motion for reconsideration of this issue.

As the Court noted in its previous decision, "Barker agreed
to forfeit these assets as part of a binding plea agreement" (Dkt.
No. 356 at 31-32). Also as part of that same plea agreement Barker
waived the requirements of Fed. R. Crim. P. 32.2 (Dkt. No. 205 at
3). Accordingly, based on the bargained-for terms of Barker's plea
agreement, the Court finds no reason to reconsider its ruling on
this point.

Next, Barker argues that both the career offender designation
and $60,000 figure in his presentence report are clerical errors
that the Court should have remedied under Fed. R. Crim. P. 36. But
these are substantive, not clerical, issues that the Court has

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF**
**MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND**
**DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS**

addressed in detail in its decision on Barker's § 2255 petition, where it concluded that (1) at the time the presentence report was written, Barker qualified as a career offender, supra pp. 45-47, and (2) although Barker sent $26,344, not $60,000, to China to purchase MAM-2201, any discrepancy about the amount of money did not affect his base offense level. Supra pp. 53-59.

Finally, Barker claims that this Court erred in declining to hold the evidentiary hearing he requested to address arguments he raised pursuant to Fed. R. Crim. P. 36. Specifically, he argues that the Court erroneously adopted $60,000 as the amount of money he sent to China to purchase MAM-2201. But as explained above, supra pp. 53-59, even as corrected, that discrepancy would not materially impact the guideline range in Barker's presentence report. The Court therefore again concludes that an evidentiary hearing is not warranted.

In conclusion, the Court **DENIES** Barker's motion for reconsideration (Dkt. No. 366). But based on the reference to an incorrect amount of money to purchase MAM-2201 Barker sent to China in the presentence report, it **DIRECTS** the probation office to file

81

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

an amended presentence report reflecting that Barker actually sent $26,344 to China for such purchases.

The Court also **DENIES** Barker's motion for discharge from the "illegal forfeiture contract" in his plea agreement (Dkt. No. 381).

**D. Motion for an Order Directing the Clerk to Provide Him with Copies of Documents from His Criminal Case**

Lastly, Barker has moved for an order directing the Clerk to provide him with copies of documents from his criminal case (Dkt. No. 388). Specifically, he requests that, in order to make the process more efficient, these documents be sent directly to him instead of to the warden of his correctional facility. Id. The Court concludes that the inconvenience alleged by Barker does not constitute a sufficient reason for it to deviate from its standard practice of sending mail to the warden of the facility at which a defendant is incarcerated and accordingly **DENIES** Barker's motion (Dkt. No. 388).

**V. CONCLUSION**

For the foregoing reasons, the Court

82

BARKER v. UNITED STATES                    1:19CV134/1:16CR31-1

### MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF
### MOTIONS RELATED TO PETITIONER'S § 2255 PETITION,
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND
### DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

1. **GRANTS** Barker's motions to amend his § 2255 petition (Dkt. Nos. 306, 315, 343);

2. **GRANTS** Barker's motion for citation of supplemental authority (Dkt. No. 277);

3. **DENIES AS MOOT** Barker's motion to expedite a ruling on the pleadings (Dkt. No. 283), and Barker's motion to stay this action pending a ruling on his motion to correct his presentence report pursuant to Fed. R. Crim. P. 36 (Dkt. No. 298);

4. **DENIES** Barker's § 2255 petition (Dkt. No. 269) and **DISMISSES** Civil Action Number 1:19CV134 **WITH PREJUDICE**;

5. **DENIES** Barker's motion for compassionate release **WITHOUT PREJUDICE** (Dkt. Nos. 372);

6. **DENIES AS MOOT** Barker's motion for appointment of counsel (Dkt. No. 362);

7. **DENIES** Barker's motion for reconsideration (Dkt. No. 366), but, consistent with the findings herein, **DIRECTS** the probation office to file an amended presentence

BARKER v. UNITED STATES                          1:19CV134/1:16CR31-1

## MEMORANDUM OPINION AND ORDER
### DENYING PETITIONER'S § 2255 PETITION, DISPOSING OF MOTIONS RELATED TO PETITIONER'S § 2255 PETITION, DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AND DISPOSING OF DEFENDANT'S PRO SE CRIMINAL MOTIONS

report correcting the amount of money Barker sent to Chinese companies to purchase MAM-2201;

8. **DENIES** Barker's motion for discharge from the "illegal forfeiture contract" in his plea agreement (Dkt. No. 381); and

9. **DENIES** Barker's motion for an order that the Clerk directly provide him with copies of documents from his criminal case (Dkt. No. 388).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment Order in Civil Action No. 1:19CV134, to transmit copies of both Orders to Barker by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike Civil Action No. 1:19CV134 from the Court's active docket.

DATED: July 27, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE